Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No:11-20767

v.

TYRONE QUENTIN JOHNSON
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>    (1)    The Government moved for detention at the Defendant's first appearance pursuant to:

      <u>XX</u>    18 U.S.C. § 3142(f)(1).

      <u>  </u>    18 U.S.C. § 3142(f)(2).

<u>  </u>    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

<u>  </u>    (1)    The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

<u>  </u>    (2)    The offense described in finding was committed while the Defendant was on

      release pending trial for a federal, state or local offense.

\_\_ (3) A period of less than five years has elapsed since

    \_\_ the date of conviction, **or**

    \_\_ the Defendant's release from prison for the offense described in finding (B)(1).

\_\_ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.   Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

  XX for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

  \_\_ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

  \_\_ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

  \_\_ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

  \_\_ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

  \_\_ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.   Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

\_\_ (1) There is a serious risk that the Defendant will not appear.

\_\_ (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

\_\_      by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_      by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

XX      both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(I):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically heroin.  I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 33 years of age and reports to Pretrial Services that he has lived with his mother for the last year.  Pretrial Services reports however that Defendant's mother relates that Defendant typically stayed at her

home only a couple weeks out of the month and defense counsel concedes that prior to his arrest, the Defendant stayed at other places. If released on bond, Defendant requests that he return to reside with his mother.  Defendant is not married and has two children ages 12 and 13.   Pretrial Services reports that Defendant's child support obligation is in arrears for approximately $39,000 and that there is a current open warrant against the Defendant for the child support arrearage.

At the time of his arrest, Defendant was working in the marketing department of a physical therapy business.  Defense counsel offers the name and phone number of the Defendant's immediate supervisor to verify his employment.  Prior to that time, Defendant worked for one year at a beauty supply business and he also worked at an auto-parts factory.

Defendant conceded to Pretrial Services that he began using marijuana 17 years ago at age 16 and at the time of his arrest, he was a daily marijuana user. Records of the Michigan Department of Corrections indicate that while under supervision, Defendant also tested positive for marijuana, cocaine and alcohol.  The Pretrial Services Report documents the fact that Defendant has endeavored to use at least 11 alias names in the past.

Defendant's criminal history begins at age 19 when he pled guilty to possession of less than 25g of cocaine, and was sentenced to three years probation.  While on that probation, ten months later, Defendant pled guilty to possession with intent to deliver 50g of cocaine.  He was sentenced to 184 days in jail and placed on lifetime probation.  Therefore, every subsequent criminal conviction has taken place while Defendant was on supervision, a factor I am to consider under the Bail Reform Act.

The Pretrial Services Report notes that Defendant violated his probation and was sentenced in January 2002 to serve three to 20 years incarceration. He was, at some point, released and he then absconded while on parole.

At age 20, Defendant was convicted of delivery of less than 50g of controlled substances. He was sentenced again to lifetime probation. He violated his probation and was sentenced to one to 20 years incarceration, and he subsequently absconded from parole. In 2001, at age 22, Defendant pled guilty to felony firearms and was sentenced to two years custody. At the same time, he pled guilty to felony possession of a firearm and was again sentenced to probation. Three months later, Defendant was charged with fleeing and eluding, driving while license suspended and providing false identification. He pled guilty to all these charges and was sentenced to one years six months to seven years custody. Again, he subsequently absconded from parole.

In 2006, the Defendant was charged with a series of offenses and pled guilty to aggravated domestic violence. He was sentenced to two years probation. Michigan Department of Corrections records indicate numerous probation violations. The Defendant failed to attend required domestic violence treatment on two occasions. Another violation was filed for failure to make a truthful report in that the Defendant claimed that he was working, but when investigated by the supervising probation officer, his claims were found that to be false. Subsequently the Defendant was violated again on a drug charge which was filed in August 2008.

The Defendant pled guilty in November 2008 to possession of methamphetamine and was sentenced to one to 10 years custody. He was discharged

from parole in June of 2011, hardly four months prior to the charge contained in the instant Indictment.

Although defense counsel offers that Defendant be returned to his current residence with the use of the tether and other conditions, I conclude, based upon the evidence presented, that the presumption in favor of detention has not been rebutted. I next conclude that, in the event the presumption in favor of detention had been rebutted, in light of the Defendant's consistent pattern of criminal behavior, coupled with his relatively insubstantial economic ties to this area, there are no conditions nor any combination of conditions which would reasonably assure either the safety of the community or Defendant's appearance at court hearings as required. In making this finding, I note that several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

Finally, as to the conditions proposed by defense counsel, while I have no doubt that the Defendant's family is supportive, I am at the same time forced to conclude

that despite their best efforts, they are unable to meaningfully control the Defendant's behavior. Moreover, as well stated by the Second Circuit, "[w]here [as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo,* 777 F.2d 96, 98-99 (2d Cir. 1985). For all these reasons, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E Binder
CHARLES E. BINDER
Dated: December 21, 2011        United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, electronically served on Janet Parker and Amy Gierhart, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 21, 2011        By    *s/Jean L. Broucek*
                                          Case Manager to Magistrate Judge Binder