UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                    Case No. 11-20767

v.                                             Honorable Thomas L. Ludington

TYRONE QUETIN JOHNSON,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S EX PARTE
## APPLICATION FOR TRIAL SUBPOENAS

Defendant Tyrone Q. Johnson was charged by superseding indictment with five counts relating to the distribution of heroin. Specifically, Defendant is charged with conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); possession of heroin with intent to distribute in violation of §§ 841(a)(1) and 841(b)(1)(C); distribution of heroin in violation of §§ 843(a)(1) and 841(b)(1)(C); use of a communication devise to facilitate a heroin distribution conspiracy in violation of §§ 843(b) and (d); and use of a residence for distributing and using controlled substances in violation of §§ 856(a)(1) and (b).

**I**

Defendant's trial is scheduled to begin September 26, 2012. On September 18, Defendant filed an Ex Parte Application for trial subpoenas. The application listed six witnesses that Defendant maintained were "necessary to the effective assistance of counsel at trial." Def.'s App. 2, ECF No. 30. Nothing more was provided concerning the nature of the witnesses' testimony, or how they would be helpful to the defense.

The next day, September 19, 2012, Defendant filed an amended application. This time Defendant did include a cursory statement concerning each witness's testimony, and requested

an additional subpoena for a seventh witness.  Defendant's application contained the names of the witnesses, with the following seven explanations:

- T.D.: Impeachment witness regarding conversation with Agent David Kowalski
- M.K.L.: Impeachment witness regarding conversation with Agent David Kowalski
- K.P.: Witness regarding purpose of Defendant's trip to Bay City from Detroit in August of 2011
- C.C.: Witness regarding purpose of Defendant's trip to Bay City from Detroit in October of 2011.
- D.J.: Witness regarding Defendant's residency during August – October 2011
- S.L.: Witness regarding the impounding of Defendant's vehicle in September of 2011
- L.H.: Fingerprint analyst who examined a wrapper from the location fo [sic] the search warrant and was unable to identify any fingerprints

Def.'s Am. App. 2–3, ECF No. 32.

Defendant asserts he is indigent, and that there are no other means of securing the witnesses.  *Id*. at 3.  Defendant requests that each witness be subpoenaed to appear at the trial commencing in seven days, and that transportation and subsistence fees be provided at government expense.

## II

The Sixth Amendment provides, in pertinent part, that an accused in criminal prosecutions has the right to "compulsory process for obtaining witnesses in his favor . . ."  U.S. Const. amend. VI.  To enable this process, the Federal Rules of Criminal Procedure provide, "Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."  Fed. R. Crim. P. 17(b).

Sixth Circuit precedent maintains that a defendant seeking a rule 17(b) subpoena must first make a preliminary showing that the witness is "necessary to an adequate defense." *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990); *United States v. Barker*, 553 F.2d 1013, 1020 (6th Cir. 1977). The word "necessary" must be read to mean "relevant, material, and useful to an adequate defense." *Moore*, 917 F.2d at 230. Additionally, a satisfactory showing of necessity requires that the defendant be sufficiently specific. *United States v. Arechiga*, 2008 WL 186118 (E.D. Ky. Jan. 18, 2008). Generalities "are insufficient to make out a 'satisfactory showing' that the witnesses are needed." *Id*. (quoting *Barker*, 553 F.2d at 1020-21).

### III

As outlined above, Defendant's application for subpoenas is no more than a list of names with a few generalized statements about their testimony. The descriptions are not sufficiently specific to show how the witnesses' testimony will be "relevant, material, and useful to an adequate defense." *Moore*, 917 F.2d at 230. "Witness regarding purpose of Defendant's trip to Bay City from Detroit in October of 2011" is not the specific statement describing how the testimony will be material and useful to the defense. At this juncture, Defendant has not satisfied his burden of indicating the testimony of the seven witnesses are necessary. *See Moore*, 917 F.2d at 230; *Barker*, 553 F.2d 1020.

### IV

Accordingly, it is **ORDERED** that Defendant's Ex Parte Application for Trial Subpoenas, ECF No. 30, is **DENIED**.

- 4 -

It is further **ORDERED** that Defendant's Amended Ex Parte Application for Trial Subpoenas, ECF No. 32, is **DENIED**.

          s/Thomas L. Ludington
          THOMAS L. LUDINGTON
          United States District Judge

Dated: September 20, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 20, 2012.

          s/Tracy A. Jacobs
          TRACY A. JACOBS