UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

    *Plaintiff/Respondent,*

                    Crim No. 11-cr-20767
                    Civ No. 16-cv-10837

*v.*

                      DISTRICT JUDGE THOMAS L. LUDINGTON

TYRONE QUENTIN JOHNSON   MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant/Petitioner.*

_____/

**REPORT AND RECOMMENDATION ON MOTION
PURSUANT TO 28 U.S.C. § 2255 (Doc. 72)**

**I.    RECOMMENDATION**

For the reasons below, I recommend that Petitioner's § 2255 motion (Doc. 72) be **DENIED**.

**II.    REPORT**

    **A.    Introduction and Background**

Petitioner Tyrone Johnson's claim has already been considered on direct appeal to the Sixth Circuit; that court recited the facts of his criminal indictment and conviction as follows:

> Tyrone Johnson was charged with a drug offense by the State of Michigan. After he declined the state's plea offer, the state dismissed the charges, and a federal grand jury later indicted him. Johnson was charged with and convicted of five drug-related offenses: conspiracy to distribute heroin, in violation of 21 U.S.C. § 846; possession of heroin with the intent to distribute, in violation of § 841(a)(1); distribution of heroin, also in violation of § 841(a)(1); use of a communication facility to facilitate the drug conspiracy, in violation of § 843(b); and use of a residence for the purpose of distributing heroin, in violation of § 856(a)(1). Johnson's only claim on appeal is that he was deprived of effective assistance of

counsel in the state plea negotiations that preceded his federal prosecution, and that, as a result, the federal indictment against him should have been dismissed. Johnson analogizes his case to *United States v. Morris,* 470 F.3d 596, 600 (6th Cir. 2006), in which a panel of this court held that dismissal of the federal indictment was proper where state counsel was ineffective and "the United States Attorney's Office made itself a party to the state court plea offer." However, Johnson's case is not analogous to *Morris* because there is no indication that federal prosecutors were involved in his state-court case, nor is there any indication that Johnson's representation in his state plea negotiations was ineffective. Accordingly, we affirm.

I

On October 3, 2011, Wayne Stockmeyer, an undercover FBI drug-task-force officer, arranged to purchase heroin from an individual named Daniel Huggard. Huggard, unaware that Stockmeyer was an undercover agent, got into Stockmeyer's car and made a call to a person he called "Ty" to arrange the transaction. Stockmeyer then drove with Huggard to a nearby residence and gave him $120 in marked bills to make the purchase. Huggard entered the residence and emerged with 0.14 grams of heroin in hand. Later that day, police obtained a search warrant and searched the residence, finding Johnson with the $120 in marked bills on his person and drugs and drug paraphernalia within reach. The officers arrested Johnson, and he was subsequently charged in state court with a single count of distribution of less than 50 grams of a controlled substance.

Johnson rejected the state's plea offer. The state dismissed the charge, and Johnson was then indicted federally, first in a one-count indictment for conspiracy to possess, with the intent to distribute, 100 grams or more of a mixture or substance containing heroin, in violation of 21 U.S.C. § 846, and then in a superseding indictment charging the five counts for which he was ultimately tried and convicted. The day before jury selection was to begin, Johnson filed a motion to dismiss the superseding indictment on the ground that "defendant was denied effective assistance of counsel in the state court proceeding as defendant was not advised of the actual consequences of rejecting the state court plea offer as set forth in *US v. Morris,* 470 F.3d 596 (6th Cir., 2006) [*sic* ]." In particular, though Johnson acknowledged that he "was advised by his state defense counsel that if he refused to accept the tendered plea offer, that the case was going to be dismissed and the Federal Government would pick up the case," he claims that he was not advised "of his potential liability under the Federal statutes and/or sentence guidelines." Johnson's motion to dismiss followed an emergency motion to adjourn the jury trial, which "was largely predicated on a request to be able to secure the information that ultimately was presented with the Motion to Dismiss, including Mr. Johnson's affidavit." Following a hearing, the district court denied the motions on the following grounds:

> Respectfully, on the basis of the affidavit that we've been furnished, there is no predicate for suggesting that anything was misrepresented to the gentleman. His argument is simply that he

2

> needed more and extensive information about the federal prosecuting regime, a matter which isn't required by law.
>
> More importantly, there is no active involvement or any assertion of any active involvement of the prosecutorial arm of the federal government which is a necessary element under existing law. And respectfully, I deny each of the two motions.

*United States v. Johnson*, 765 F.3d 644, 644-46 (6th Cir. 2014). Finding no federal prosecutorial involvement in his state plea process and no evidence that his state trial counsel was ineffective, the Sixth Circuit denied Johnson's appeal. *Id.* at 647-48.

On March 7, 2016, Johnson filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 72), and simultaneously filed a motion for appointment of counsel and for discovery (Doc. 71). On March 15, 2016, District Judge Thomas Ludington referred both motions to the undersigned. (Docs. 75, 76). On March 22, 2016, the undersigned denied Johnson's motion for appointment of counsel and for discovery. (Doc. 77). The Government has responded to Johnson's § 2255 motion. (Doc. 81).

In his motion to vacate, Johnson argues that his conviction should be vacated for four reasons: 1) That his state trial counsel was ineffective during plea negotiations, resulting in his federal prosecution; 2) That his federal trial counsel was ineffective by way of failing to develop evidence that his state trial counsel was ineffective, and failing to research involvement of the United States Attorney Office ("USAO") in state plea negotiations; 3) That his federal appellate counsel was ineffective for failing to investigate the USAO's involvement in his state plea negotiations, and failing to develop the argument that state and federal trial counsel were ineffective; 4) That the federal trial court did not properly instruct the jury on the conspiracy with intent to distribute heroin charge. (Doc. 72).

3

**B.  Analysis**

    **i.  Evidentiary Hearing Standard**

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words "grant a prompt hearing" are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). Where a Court finds that there is no material factual dispute which a hearing could address, the § 2255 motion should be denied. The Court will thus examine whether any such material factual disputes exist.

    ***ii.  The rule of U.S. v. Morris***

4

Three of Johnson's four claims are premised on the rule established by *United States v. Morris*, 470 F.3d 596 (6th Cir. 2006). Morris was charged in Wayne County, Michigan, with several firearm and drug felonies pursuant to the "Project Safe Neighborhoods" project, a joint effort between Michigan and federal authorities. *Id.* at 598. Morris met with his attorney only briefly, in a non-private "bull pen" setting, immediately before his arraignment, with an attorney not skilled in federal practice. *Id.* at 598-99. At the hearing, Morris was offered a take-it-or-leave-it plea agreement, which would have resulted in three to six years of imprisonment. *Id.* at 598-99. The plea agreement included a provision stating that if he accepted the state plea, federal prosecutors would not pursue his case. *Id.* at 600. Morris was erroneously counseled by his attorney (who was in turn erroneously counseled by a federal prosecutor) that he would face approximately sixty-two to sixty-eight months of imprisonment if charged at federal law, whereas in reality he faced more than ninety months of imprisonment. (*Id.* at 598-99). The Sixth Circuit concluded that Morris was denied effective assistance of counsel both because no competent attorney could provide effective assistance under the particular circumstances of his arraignment and plea offer (*i.e.* a violation of the Sixth Amendment as set forth in *United States v. Cronic*, 466 U.S. 648 (1984)), and because his attorney provided advice which fell below the objective standard of reasonableness based on her misunderstanding of the federal sentencing guidelines (*i.e.* a violation of the Sixth Amendment per *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985)). The Sixth Circuit also found that the USAO "was involved in deciding whether a plea offer would be made available to Morris in state court, and the state court plea offer included an agreement that Morris would not be prosecuted in federal court, . . . [thus] the United States Attorney's Office made itself a party to the state court

plea offer." *Morris*, 470 F.3d at 600. As a consequence, the Sixth Circuit found that Morris was entitled to the benefit of the state plea agreement "based on traditional principles of contract law," and that the district court was empowered to dismiss the federal indictment to vindicate this agreement. *Id*.

In sum, a defendant might qualify for relief under *Morris* if: 1) he received ineffective assistance from state trial counsel with regard to state plea negotiations; 2) the USAO was so intertwined with the state plea process that a court would be "justified in enforcing the plea offer against it based on traditional principles of contract law;" and 3) the federal government later prosecutes the defendant for the same conduct involved in the state plea process. *Morris*, 470 F.3d at 600. Failing any of these three factors, relief under *Morris* will be unavailing.

### iii. Issues Already Determined

Although res judicata does not apply in § 2255 proceedings, "the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings." *Taylor v. United States*, 798 F.2d 271, 273 (7th Cir. 1986). The Supreme Court has held that "claims will ordinarily not be entertained under § 2255 that have already been rejected on direct review." *Reed v. Farley*, 512 U.S. 339, 358 (1994). On the other hand, claims which could have been raised on direct appeal, but were not, are considered procedurally defaulted on indirect appeal unless the petitioner can show either i) cause and actual prejudice to excuse this failure, or ii) actual innocence. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). Ineffective assistance need not be raised on direct appeal, and the Sixth Circuit generally declines to consider such claims when raised on direct appeal. *See Reeves v. United States*, 66 F.3d 326 (6th Cir. 1995); *see also Massaro v. United States*, 538 U.S. 500, 509 (2003)

("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

However, the Sixth Circuit will sometimes "choose to hear [ineffective assistance claims] on direct appeal if [it] find[s] that the parties have adequately developed the record." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). In this case, Johnson's ineffective assistance claim was heard by the Sixth Circuit on direct appeal. *See United States v. Johnson*, 765 F.3d 644 (6th Cir. 2014). Johnson alleged in that appeal, as he does here, that the USAO involved (or in his words, "entangled") itself with his state plea negotiations by orally promising to not bring charges at the federal level if he signed a state plea agreement. *Id*. at 647-49. The Sixth Circuit held as follows:

> Even had federal prosecutors involved themselves in Johnson's state plea negotiations, there is no indication that Johnson's state counsel was ineffective. As Johnson concedes, "[t]here is scant evidence regarding the representation that was provided to Johnson at the state court level . . . ." For that reason alone, we would normally decline to consider his ineffective-assistance claim on direct appeal, leaving that claim for consideration on the merits once the record has been more fully developed. Here, however, his claim of error fails even without a showing of federal 'entanglement,' so we will decide the case as a matter of law on that basis."
>
> On appeal, Johnson does not claim that his counsel misinformed him, as was the case in *Morris*; rather, he claims that "[t]here was no evidence presented" that Johnson was 1) informed of his state sentencing-guidelines range, 2) advised that he would be a career offender under federal law, exposing him to a potential guideline range in federal court of 360 months to life in prison, 3) represented by an attorney in state court who was familiar with federal criminal practice, 4) given adequate time to make an informed decision about his plea agreement, or 5) represented by counsel who understood the strength of the case against him . . . . In particular, Johnson apparently contends the he should have been offered a comparison between his guidelines sentencing range in state court and his likely range in federal court . . . .
>
> First, the burden is on Johnson to show that his representation was ineffective. To say that there was "no evidence" that it was effective is essentially to concede that he has failed to discharge his burden. Second, to require state counsel to give a

7

> precise "compare and contrast" between state and federal law would be unreasonable, especially in this case. More importantly, as the government notes, it would have been impossible for Johnson's counsel to have predicted what federal charges would be brought against him and what further investigation into his criminal conduct would reveal. If counsel has a duty to inform Johnson of the possibility that federal charges might be brought, she discharged that duty in this case. To the extent that Johnson's ineffective-assistance claim is premised on the other alleged failures referenced above, he does not point to adequate evidence in the record to support his allegations.

*Id*. at 648-49.

It is uncontroversial that a petitioner "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01–CV–496, 3:97–CR–16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)); *see also Wright v. Unknown*, 42 F.3d 1390 (6th Cir. 1994) ("Because Wright did not offer any new grounds to justify relief but sought only to relitigate an issue already decided, the district court acted within its considerable discretion by denying relief.").

This is not to say that an argument rejected on direct appeal can never serve as a basis for an ineffective assistance of counsel claim on collateral review. However, this situation can occur only where the rejection of the claim on direct appeal is consistent with a finding of ineffective assistance on collateral review, such as where the petitioner's appellate attorney makes an argument which fails because of insufficient development or weak argumentation, rather than because the underlying claim lacks merit. *See Hestle v. United States*, 426 F. App'x 366, 368 (6th Cir. 2011) ("We rejected the *Batson* claim [on direct appeal] because the defendant's counsel, by making only one insufficient argument in the trial court, 'had not proven purposeful discrimination . . . .' Hestle's failure to persuade the court of his *Batson* claim on direct appeal

8

did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal."). In other words, where the appellate court determines on direct appeal that a claim is without merit because it is contradicted by facts in evidence, the issue is resolved once and for all. On the other hand, where the appellate court rejects an argument because it was poorly presented or insufficiently researched, the petitioner may argue again on collateral review that his appellate attorney was ineffective.

It follows that where a petitioner "voluntarily cho[oses] to raise [ineffective assistance] on direct appeal . . . deliberately of his own choice, [he] squander[s] his opportunity to reserve it for collateral review." *Fuller v. United States*, 398 F.3d 644, 649 (7th Cir. 2005). Under these circumstances, petitioners will not be heard to argue that they were unfairly denied an opportunity to develop the record in favor of their ineffective assistance claim on collateral review, because the appellate court already determined that the issue could be decided without further development, rendering further factual development unnecessary.

In this case, the Sixth Circuit determined on direct appeal that Johnson's claim of ineffective assistance failed because there was "no evidence whatsoever" of "federal involvement" in his state plea process, and because, to the extent his state trial attorney was required to inform him of the possibility that federal charges might be brought, she satisfied that obligation. *Johnson*, 765 F.3d at 648. Crucially, the Sixth Circuit also found that Johnson's state plea agreement did not contain any reference to federal prosecution, unlike the plea agreement at issue in *Morris*. *Id*. Based on these deficiencies, the Sixth Circuit determined that Johnson's claim that he received ineffective assistance of counsel from his state trial attorney failed as a

9

matter of law, and did not entitle him to relief under *Morris*. This claim was already heard on direct appeal, and Johnson does not get a second bite at the ineffective assistance apple on collateral review.

Johnson challenges these conclusions, asserting in an affidavit that he was told "in exchange for accepting the plea agreement . . . the U.S. Attorney's Office would not seek to prosecute me in the federal court." (Doc. 72 at *Affidavit/Declaration of Tyrone Q. Johnson*). Johnson supplemented his § 2255 motion with the affidavit of his state defense counsel, who asserts that she "informed [Johnson] that if he did not wish to accept the [state] Plea Offer then the Prosecution would be dismissing the current charges and that the Federal Prosecutors were going to charge him." (Doc. 84 at *Affidavit of Maureen L. Fitzgerald*).

Johnson's affidavits cannot upend the Sixth Circuit's firm conclusion that no evidence suggests the USAO was involved in his state plea agreement. His state trial attorney's affidavit does not suggest that she received any information from the USAO, directly or indirectly. (Doc. 84 at *Affidavit of Maureen L. Fitzgerald*). Moreover, nothing in her affidavit suggests that her prediction of federal prosecution but for Johnson signing the state plea agreement was anything more than that: a prediction.

Thus, even taking Johnson at his word, and assuming that he was orally informed by his state trial attorney that, if he accepted the state plea, the USAO would not pursue charges against him, this oral promise would not satisfy *Morris*. Unlike the defendant in *Morris*, Johnson was not improperly advised of his potential sentencing exposure under federal law, he was not forced to meet with his state trial attorney under conditions which would prevent even a competent lawyer from rendering effective counsel, and he was not given a state plea offer which included

any promises about federal prosecution. *See*, *United States v. Hoig*, No. 11-20781, 2012 WL 5265433, at *3 (E.D. Mich. Oct. 23, 2012) (finding *Morris* inapplicable where the defendant was advised of the state plea offer, he was not erroneously advised of his exposure, he was "in fact assured, that if he did not accept the state deal, he would face federal indictment").

As the Sixth Circuit already determined, these facts simply do not implicate the rule of *Morris*, and Johnson is not entitled to dismissal of the federal complaint, nor can he succeed on a claim of ineffective assistance of counsel. *United States v. Shawn DeWayne Johnson*, No. 1:11-CR-49, 2015 WL 6040306, at *3 (W.D. Mich. Oct. 15, 2015) (denying §2255 claim of ineffective assistance of counsel where there was no evidence the federal prosecutor was involved in plea offer in state court and plea offer itself did not include an agreement that petitioner would not be prosecuted in federal court); *Peoples v. United States*, No. 1:03-CR-165, 2008 WL 1780952, at *3 (W.D. Mich. Apr. 16, 2008) (denying §2255 motion based on ineffective assistance of counsel where "the federal government was not a party to Petitioner's state court plea agreement[,]" "the United States Attorney's Office played no role in extending a plea offer to Petitioner[,]" "state prosecutors had no power or authority to bind the United States to any plea agreement that would have dismissed or prevented federal charges[,]" the federal court "had no authority to dismiss the federal indictment because the federal government was not a party to Petitioner's state court plea agreement" thus, "federal counsel was not deficient for failing to move this Court to dismiss the indictment.").

Because Johnson's state law charges were dropped, and because the USAO had no involvement in his state plea process, he is not entitled to relief under *Morris*. Johnson's First Ground for relief, which is premised on his state trial attorney's ineffectiveness, is therefore

11

meritless. (Doc. 72 at 4-(a)-4(d)). Johnson's Second Ground for relief is premised on his federal trial attorney rendering ineffective assistance by way of insufficiently challenging his state trial attorney's effectiveness. (*Id*. at 5(a)-5(c)). Because Johnson suffered no wrong at state law under *Morris*, his federal trial attorney's effectiveness in challenging the state trial attorney's effectiveness is likewise irrelevant. Johnson's Third Ground for relief, that his federal appeals attorney was not effective in challenging the conduct of Johnson's state trial and federal trial attorneys, likewise fails because Johnson is not entitled to any relief under *Morris*.

Finally, Johnson's Fourth Ground for relief also fails, but for a different reason. This claim relates to charges under 21 U.S.C. §§846 and 841(b)(1)(B), *i.e.* his conspiracy to possess with intent to distribute 100 grams or more of a mixture of substances containing heroin. Johnson argues that the federal trial court permitted either a constructive amendment or variance from the indictment, in violation of his Fifth and Sixth Amendment rights. (Doc. 72 at p. 8). Johnson appears to believe that the trial court erred by instructing the jury that conviction under those aforementioned statues did not "require proof that the defendant knew how much heroin was involved." (*Id*.). Johnson also asserts that the federal court failed to give a jury instruction that he should be acquitted if the jury found that he possessed less than 100 grams of a substance containing heroin. (*Id*.).

Respondent points out that this Fourth Claim was not raised at the trial or direct appellate level, and should thus be found waived. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) ("[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process.").

Even assuming this claim was not waived, it is without merit, because Johnson has simply misconstrued the law. The jury's finding regarding the amount of heroin he possessed with intent to distribute does not affect his guilt under 21 U.S.C. § 841, but rather impacted the length of sentence he could receive. More specifically, that statute provides, in relevant part, that "it shall be unlawful for any person knowingly or intentionally . . . (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or . . . (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C. § 841(a). Subsection (b) provides that "[i]n the case of a violation of subsection (a) of this section involving . . . (i) 100 grams or more of a mixture or substance containing a detectable amount of heroin;" then "such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." *Id*. at 841(b)(1)(B). Because the jury concluded that Johnson possessed with intent to distribute less than 100 grams of heroin, he received a lesser penalty. Johnson was thus not entitled to an acquittal instruction in case the jury found that he possessed less than 100 grams of heroin, and the district court did not permit a constructive amendment or variance by sentencing him under 21 U.S.C. § 841 in light of that finding.

Johnson is therefore not entitled to relief under *Morris* because there is no evidence that federal prosecutors were involved in his state plea negotiation process, invalidating his first three grounds for relief. Johnson's fourth ground for relief relating to 21 U.S.C. § 841 is premised on a misunderstanding of that statute, and likewise presents no cause for relief. Because Johnson does not present any viable claim to relief under § 2255, and because he has not presented any material factual disputes, his motion should be denied.

### C. Conclusion

For all the reasons stated above, I recommend that Petitioner's § 2255 motion (Doc. 72) be **DENIED**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 17, 2016                                      S/ PATRICIA T. MORRIS
                                                            Patricia T. Morris
                                                            United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Tyrone Quentin Johnson #46589-039 at Terre Haute Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808.

Date: August 17, 2016                                       By s/Kristen Krawczyk
                                                            Case Manager

15