UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Case No. 1:11-cr-20767

v.

                                       Honorable Thomas L. Ludington

TYRONE QUENTIN JOHNSON,         United States District Judge

          Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION AND MOTION FOR STATUS REPORT**

Defendant Tyrone Quentin Johnson, who is currently serving a 270-month term of imprisonment, seeks a 30-month sentence reduction. But Defendant has not shown that he administratively exhausted his request for a sentence reduction. Nor has he shown any extraordinary and compelling reasons warranting his release. As a result, Defendant's Motion for a Sentence Reduction will be denied. And because the Motion for a Sentence Reduction will be denied, his later-filed Motion for a Status Report will be denied as moot.

I.

On October 3, 2012, a jury convicted Defendant Tyrone Quentin Johnson of five offenses: (1) conspiring to possess with intent to distribute and to distribute less than one-hundred grams of heroin, 21 U.S.C. § 846 (Count I); (2) possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (Count II); (3) distributing heroin, 21 U.S.C. § 841(a)(1) (Count III); (4) using a communication facility to facilitate a drug offense, 21 U.S.C. § 843(b) (Count IV); and (5) maintaining drug-involved premises, 21 U.S.C. § 856(a)(1) (Count V). ECF No. 42. Before his conviction in this case, Defendant had been convicted of several state felonies, including drug trafficking, firearm, and aggravated domestic violence offenses. *See* ECF No. 115 at PageID.1401–

04. Due to his conviction history, Defendant was placed in the highest criminal history category—Category VI—for sentencing purposes. PSR ¶¶ 33–34.

Ultimately, Defendant was sentenced to 270 months of imprisonment for Counts I through III, 96 months of imprisonment for Count IV, and 240 months of imprisonment for Count V. ECF No. 58. These terms run concurrently. *Id.* at PageID.282. And following his imprisonment, Defendant's sentence requires him to serve a total of six years of supervised release. *See id.* at PageID.283.

In 2020, Defendant filed two motions to reduce his sentence. ECF Nos. 90; 96. First, on January 2, 2020, Defendant filed a motion under the First Step Act, arguing that retroactive provisions in the First Step Act entitled him to a reduced sentence. *See* ECF No. 90 at PageID.982–86. This Court denied that motion because the provisions that he cited did not apply to his sentence. *See* ECF No. 94. Second, on June 22, 2020, Defendant filed a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 98. Defendant based his motion on his "extraordinary rehabilitation" and the COVID-19 pandemic. *Id.* at PageID.1016. On January 22, 2021, this Court denied Defendant's motion. ECF No. 114. In so doing, this Court found that Defendant had not demonstrated extraordinary and compelling reasons for release. *Id.* at PageID.1371–72.

On August 1, 2023, Defendant filed a third motion for a reduction in sentence. ECF No. 115. Ultimately, Defendant seeks a reduction in sentence of no more than 30 months, which would "not trigger his release from custody" but rather render him immediately eligible to participate in a Residential Drug Abuse and Prevention (RDAP) program. *Id.* at PageID.1380. On July 23, 2024, Defendant filed a motion for a status report on his Motion for a Reduction in Sentence. ECF No. 119.

## II.

Since the "dawn of the [American] Republic," federal district courts have enjoyed vast discretion when crafting and imposing sentences. *Concepcion v. United States*, 597 U.S. 481, 486 (2022). But after a sentence is crafted and imposed, the Court's discretion is cabined, and it may only modify the sentence when congressionally authorized to do so. *Id.* at 495; *see also United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc) (citing 18 U.S.C. § 3582(b)–(c)) (explaining the limits on district courts' discretion to modify sentences and the importance of finality in sentencing). One such congressional authorization involves "compassionate releases" or sentence reductions—which are still subject to judicial prudence and discretion-guiding criteria—under 18 U.S.C. § 3582(c)(1)(A). *See McCall*, 56 F.4th at 1054–55.

A well-delineated framework governs sentence reduction motions. Under this framework, courts may reduce an inmate's term of imprisonment upon motion of the BOP. 18 U.S.C. § 3582(c)(1)(A). And, since Congress enacted the First Step Act of 2018, prisoners can submit these motions themselves if they exhaust the BOP's administrative process or wait thirty days after the warden receives their release application, whichever is first. *Id.*

If a prisoner satisfies § 3582's exhaustion requirements, reviewing courts employ "a three-step inquiry" to determine whether a reduction in sentence is warranted. *McCall*, 56 F.4th at 1054 (cleaned up). First, courts must determine whether the prisoner has shown "that 'extraordinary and compelling' reasons warrant" a reduction. *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, "[c]ourts must confirm that any sentence reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). Third, the prisoner "must persuade the district judge to grant the motion after the court considers the §

3553(a) factors." *Id.* And district courts may only grant the prisoner's motion if all three criteria favor release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

### A. Exhaustion

Defendant's Motion for a Sentence Reduction, ECF No. 115, fails at the first step because he has not demonstrated administrative exhaustion. Before filing a motion for a sentence reduction, a prisoner must exhaust *all* BOP administrative remedies. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Otherwise, a prisoner must wait 30 days after submitting a sentence reduction request to the Warden to file a motion in federal court. *Alam*, 960 F.3d at 833; *Jones*, 980 F.3d at 1105.

Here, Defendant satisfies neither of the exhaustion methods. True, Defendant submitted an "informal request" for a reduction in sentence to his *unit manager* on July 5, 2023, which the unit manager denied on July 11, 2023. *See* ECF No. 115 at PageID.1394. But this request renders Defendant's Motion for a Reduction in Sentence procedurally deficient for two reasons.

First, the informal request does not comply with the BOP's administrative processes for compassionate release requests or exhaust those processes. To that end, Defendant did not submit his request to the prison *warden*, as required by BOP administrative rules and regulations. *See United States v. Metcalf*, No. 116CR00051MRWCM3, 2020 WL 4195892, at *3 (W.D.N.C. July 21, 2020) (observing that a request to a unit manager without delegated authority does not satisfy exhaustion requirements); *see also* 28 C.F.R. § 571.61(a) ("A request for a motion under . . . 3582(c)(1)(A) shall be submitted to the Warden."); *id.* § 500.1 (defining "Warden" as "the chief executive officer of a . . . Federal Correctional Institution . . . or any federal penal or correctional institution," including "any staff member with authority explicitly delegated by any chief executive officer"). Nor did Defendant appeal the unit manager's denial before filing his Motion. *See id.* §

571.63 (outlining administrative appeals procedures for the denial of compassionate release motions).

Second, even if Defendant submitted a request to the warden, he did not wait 30 days before filing his Motion in this Court. Defendant submitted his request for a reduction in sentence to the unit manager on July 5, 2023. ECF No. 115 at PageID.1394. He then filed his Motion for a Reduction in Sentence August 1, 2023—just 27 days after filing his request with the unit manager—which is short of the 30-day waiting period under § 3582(c)(1)(A). *See Metcalf*, 2020 WL 4195892, at *3.

In sum, Defendant did not fulfill § 3582(c)(1)(A)'s exhaustion requirements before filing his Motion. Indeed, he did not comply with or fully exhaust the BOP processes for sentence reduction requests. Nor did he wait 30 days after submitting his request before filing his Motion.

**B. Extraordinary and Compelling and U.S.S.G. § 1B1.13**

Even if Defendant had properly exhausted his administrative remedies, he has not shown extraordinary and compelling reasons for his release. Congress tasked the United States Sentencing Commission with "describing what could be considered extraordinary and compelling reasons for sentence reduction." *United States v. Bricker*, 135 F.4th 427, 433 (6th Cir. 2025) (citing 28 U.S.C. § 994(t)). In 2007, the Sentencing Commission did just that when it promulgated U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2007). *Id.* But this 2007 version of the § 1B1.13 applied only to BOP-initiated motions for sentence reductions. *Id.* So in November 2023, the Sentencing Commission amended § 1B1.13, extending it to prisoner-initiated motions for sentence reductions. *See id.* at 434.

As amended, § 1B1.13 provides six general categories of potentially extraordinary and compelling reasons for a sentence reduction. *See* U.S.S.G. § 1B1.13(b)(1)–(6); *see also United*

*States v. Washington*, 122 F.4th 264, 267 (6th Cir. 2024). The six categories are as follows: the (1) medical circumstances of defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant being a victim of abuse while incarcerated; (5) other reasons or a combination of reasons similar in gravity to the first four; and (6) defendant having an unusually long sentence—albeit the Sixth Circuit recently invalidated this final category, holding that the Sentencing Commission exceeded its statutory authority in promulgating it, *see Bricker*, 135 F.4th at 430. And those general categories feature precise elements that a defendant must establish when seeking a sentence reduction. *See* U.S.S.G. § 1B1.13(b)(1)–(6).

Against that backdrop, Defendant generally offers two main reasons for his requested sentence reduction that he contends are extraordinary and compelling. First, Defendant cites his rehabilitation and good conduct in prison. *See* ECF Nos. 115 at PageID.1381–82; 119 at PageID.1445. Second, Defendant cites his sister's health. *See* ECF Nos. 115 at PageID.1381; 119 at PageID.1445. And in Defendant's view, even if "no one single issue he has raised" is extraordinary and compelling, a combination of his offered reasons satisfies this requirement. *Id.* at PageID.1383. These arguments are addressed in turn.

**1. Rehabilitation**

Start with rehabilitation. Defendant contends that he has been a "model inmate." ECF No. 119 at PageID.1445. Specifically, Defendant identifies two aspects of his prison conduct that support that contention: (1) he has participated in numerous prisoner rehabilitation programs and earned a barber certification, "reach[ing] the apex of his programming needs," and (2) he has received no disciplinary infractions while in prison. ECF No. 115 at PageID.1381–82.

While commendable, Defendant's rehabilitation efforts, by themselves, are not extraordinary and compelling. *See Washington*, 122 F.4th at 268. Indeed, Congress withdrew

"[r]ehabilitation of the defendant alone" from the list of potential extraordinary and compelling reasons for a sentence reduction. 28 U.S.C. § 994(t). And the Sentencing Commission, as it must, reiterated that "rehabilitation . . . is not, by itself, an extraordinary reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). After all, good conduct and rehabilitation in prison are "expected from all inmates." *United States v. Jethrow*, No. 4:08-cr-520, 2025 WL 461800, at *5 (N.D. Ohio Feb. 11, 2025); *United States v. Moore*, No. 2:15-CR-00096-DCLC-CRW, 2025 WL 1762098, at *4 (E.D. Tenn. June 25, 2025).

### 2. Familial Circumstance

Move to the health of Defendant's sister. Defendant asserts that his sister's health "is in a bad state," ECF No. 119 at PageID.1445, due to a kidney transplant, ECF No. 115 at PageID.1381. He contends that a sentence reduction would allow him to help her by enabling him to "use his experience as a barber as a source of income that will provide financial help to her." *Id.* Without minimizing Defendant's sister's health complications, they are not extraordinary and compelling reasons warranting a sentence reduction.

To be sure, familial circumstances may warrant sentence reductions. *See* U.S.S.G. § 1B1(b)(3). But under § 1B1(b)(3), a defendant must establish more than just the ailing health of an immediate family member for the familial circumstance to be extraordinary and compelling. To that end, when defendants invoke the ailing health of an immediate family member, including siblings, they must show that (1) the family member is incapacitated, and (2) the defendant "would be the only available caregiver for such family member." *Id.* § 1B1(b)(3)(B)–(D); *see also United States v. Simmons*, No. 1:14-CR-20628, 2025 WL 1189988, at *5 (E.D. Mich. Apr. 24, 2025).

Here, Defendant has not established the conditions necessary for his sister's health to be an extraordinary and compelling reason for a sentence reduction. Defendant has not argued that

his sister is incapacitated. *See generally* ECF Nos. 115; 119. Nor has he asserted that he is the only available caregiver for his sister, even if she were incapacitated. *See generally* ECF Nos. 115; 119. As a result, Defendant's sister's health is not an extraordinary and compelling reason for a sentence reduction.

### 3. Combination of Defendant's Reasons

Nor does combining Defendant's offered reasons "trigger[] [a] finding," ECF No. 115 at PageID.1383, that he has shown extraordinary and compelling reasons for a sentence reduction. Many courts considered whether a defendant's rehabilitation, when combined with a family member's health concerns, is an extraordinary and compelling "other reason or combination of reasons," U.S.S.G. § 1B1.13(b)(5). *See, e.g., United States v. Demming*, No. 1:20-CR-395-1, 2025 WL 1115610, at *7 (N.D. Ohio Apr. 15, 2025) (considering rehabilitation combined with defendant's incapacitated mother's dementia); *United States v. Green*, No. 07-20411, 2021 WL 3782691, at *2 (E.D. Mich. Aug. 26, 2021). When, as here, the defendant has not shown—at a minimum—that he is the only available caregiver for the family member, the family member's health concerns do not combine with the defendant's rehabilitation to warrant a sentence reduction. *See Demming*, 2025 WL 1115610, at *7. And the lack of extraordinary and compelling reasons for a reduction is more apparent where, like here, the defendant has shown *neither* that his family member is incapacitated nor that he is the only available caretaker for that family member. *Green*, 2021 WL 3782691, at *2. After all, under such circumstances, a defendant's offered reasons are not, considered together, "similar in gravity," U.S.S.G. § 1B1.13(b)(5), to the qualifying reasons in § 1B1.13(b)(1)–(4).

In sum, Defendant has not demonstrated that he administratively exhausted his request for a sentence reduction. Nor has he presented extraordinary and compelling reasons that warrant a

sentence reduction. So Defendant's Motion for a Sentence Reduction, ECF No. 115, will be denied. And Defendant's Motion for Status Report, ECF No. 119, will be denied as moot.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for a Reduction in Sentence, ECF No. 115, is **DENIED**.

It is further **ORDERED** that Defendant's Motion for Status Report, ECF No. 119, is **DENIED AS MOOT**.

Dated: July 21, 2025                                         s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge